# EXHIBIT C

# Breslauer, Peter

| | |
|---|---|
| **From:** | Jared Cherry <jared@pcfblaw.com> |
| **Sent:** | Friday, March 17, 2023 3:11 PM |
| **To:** | Breslauer, Peter |
| **Cc:** | mellison@sehlaw.com; Tirtasaputra, Meeghan H.; Rizzo, Jessica |
| **Subject:** | RE: Wolfire Games v. Valve Corp., CACD Case No. 2:23-mc-00022-AB-MRW |

**\*\*CAUTION\*\* External Email**

Peter,

Please do not mischaracterize our discussions. I have explicitly stated many times that I am not representing facts to you regarding Nexon's business and that I will not do so. I have reiterated that I have no firsthand knowledge of Nexon's records, retention policies, or business relationships. Further, as I stated during our last call, no provision of the Federal Rules of Civil Procedure entitle you to demand answers to propound a free-form list of questions and demand that Nexon answer them in connection with your subpoena. If you identified any relevant rules or other authority that you believe entitles you to proceed in this way following our call, please identify it. Otherwise, Nexon declines to make representations to you about the extensive list of items that you have requested.

Nexon has been requesting that you narrow the scope of the subpoena to what is necessary for your case for weeks. You have consistently dodged those requests. If you are unwilling to put in writing any proposal to narrow the scope of the subpoena, please just say so.

I would be happy to speak with you once you provide a written proposal addressing each request and stating: (1) the narrowing that Valve proposes, and (2) explaining how the narrowed request is related to the claims and defenses and proportional to the needs of the case. I need to forward a written proposal to Nexon so that they can evaluate it. This is not an unreasonable request, and I am simply trying to ensure that I can accurately convey your prosal to Nexon.

Until you provide a written proposal, I respectfully decline your request for additional discussions. As shown in our correspondence, we are coming away from those discussions with different views about what each side did or did not agree to do.

Jared L. Cherry
PCFB ATTORNEYS AT LAW
4001 South 700 East, Suite 500 | Salt Lake City, UT 84107
Phone: 801-935-4932 | Fax: 801-935-4936
jared@pcfblaw.com | pcfblaw.com

---

**From:** Breslauer, Peter <pbreslauer@mmwr.com>
**Sent:** Friday, March 17, 2023 12:50 PM
**To:** Jared Cherry <jared@pcfblaw.com>
**Cc:** mellison@sehlaw.com; Tirtasaputra, Meeghan H. <MTirtasaputra@foxrothschild.com>; Rizzo, Jessica <JRizzo@mmwr.com>
**Subject:** RE: Wolfire Games v. Valve Corp., CACD Case No. 2:23-mc-00022-AB-MRW

Jared,

1

Thanks for responding. Your proposed message is acceptable, and we will have our counsel in LA, Meeghan Tirtasaputra, email it to Judge Wilner.

Turning to the substance, we reiterate our requests, to which you had agreed, that you work with your client to identify the scope of available sales data responsive to the subpoena, as well as the persons and/or locations of responsive non-data documents. Valve has already narrowed the data request without such information. However, Valve needs to understand what documents are reasonably accessible to Nexon in order to narrow the non-data requests, rather than narrowing the requests in the dark. This is a normal part of a meet-and-confer process, and we will work diligently to reach a resolution of our differences. We propose that we meet around the middle of next week (Wednesday or Thursday) to hear about what Nexon has and discuss Valve's positions on the individual requests.

Peter

Peter Breslauer
Montgomery McCracken Walker & Rhoads LLP
1735 Market St., Fl. 21
Philadelphia, PA 19103-7505
Office:  (215) 772-7271
Cell:     (484) 904-6411
Fax:      (215) 731-3733

---

**From:** Jared Cherry <jared@pcfblaw.com>
**Sent:** Friday, March 17, 2023 2:15 PM
**To:** Breslauer, Peter <pbreslauer@mmwr.com>
**Cc:** mellison@sehlaw.com; Tirtasaputra, Meeghan H. <MTirtasaputra@foxrothschild.com>; Rizzo, Jessica <JRizzo@mmwr.com>
**Subject:** RE: Wolfire Games v. Valve Corp., CACD Case No. 2:23-mc-00022-AB-MRW



Peter,

I suggest that we send the following message to Judge Wilner:

> Judge Wilner,
>
> The parties continue to discuss the possibility of narrowing the scope of the subpoena but have not yet reached any agreement.  The parties request an additional 14 days to continue their discussions.  The parties propose providing another update to the Court on March 31, 2023.

On the substance, Nexon again renews its demand that Valve provide a written proposal addressing each request and stating: (1) the narrowing that Valve proposes, and (2) explaining how the narrowed request is related to the claims and defenses and proportional to the needs of the case.

Jared L. Cherry
PCFB ATTORNEYS AT LAW
4001 South 700 East, Suite 500 | Salt Lake City, UT 84107
Phone: 801-935-4932 | Fax: 801-935-4936
jared@pcfblaw.com | pcfblaw.com

**From:** Breslauer, Peter <pbreslauer@mmwr.com>
**Sent:** Friday, March 17, 2023 11:37 AM
**To:** Jared Cherry <jared@pcfblaw.com>
**Cc:** mellison@sehlaw.com; Tirtasaputra, Meeghan H. <MTirtasaputra@foxrothschild.com>; Rizzo, Jessica <JRizzo@mmwr.com>
**Subject:** RE: Wolfire Games v. Valve Corp., CACD Case No. 2:23-mc-00022-AB-MRW

Hi Jared,

I'm just checking in regarding the email I sent yesterday. As I noted at the end, Judge Wilner requested the joint status report by noon Pacific. We're happy to circulate a draft if we're in agreement that we will inform him we're making progress and don't see a need for judicial intervention.

Thanks.

Peter

Peter Breslauer
Montgomery McCracken Walker & Rhoads LLP
1735 Market St., Fl. 21
Philadelphia, PA 19103-7505
Office:  (215) 772-7271
Cell:      (484) 904-6411
Fax:       (215) 731-3733


**From:** Breslauer, Peter
**Sent:** Thursday, March 16, 2023 6:17 PM
**To:** Jared Cherry <jared@pcfblaw.com>
**Cc:** mellison@sehlaw.com; Tirtasaputra, Meeghan H. <MTirtasaputra@foxrothschild.com>; Rizzo, Jessica <JRizzo@mmwr.com>
**Subject:** RE: Wolfire Games v. Valve Corp., CACD Case No. 2:23-mc-00022-AB-MRW

Jared,

Thank you for meeting again yesterday to work toward resolving our differences over the subpoena.

Based on our previous meeting on March 9, we expected you to tell us yesterday how far back Nexon America has data responsive to Request 1 of the subpoena, and what data responsive to the subparts in Request 1 it has. We also expected you to confirm the distribution channels that Nexon America uses—you said on March 9 that you thought they were limited to direct distribution by Nexon America and sales on Steam, but needed to confirm this with Nexon. Finally, we expected, again based on our March 9 meeting, that you would take steps to identify likely custodians of documents responsive to the non-data requests. We were disappointed that you did not report progress on these topics on yesterday's call.

You asked on March 9 what Valve "really needs" of the data sought by the subpoena. I assure you that Valve has a genuine need for what we requested. But we understand the effort that locating and producing information entails and therefore narrowed the data requests. Specifically, we stated yesterday that we would be willing to accept annual data, from 2003 forward, in the form of total sales volume in dollars and units, divided by platform (PC, console, mobile).  We did so because we assume that Nexon would be more likely to have compiled and retained annual data in the ordinary course of business and could produce it more easily than monthly data over that period.  You appeared receptive to that proposal, so we were surprised when you voiced objections on grounds of relevance and usefulness to Valve's defense.  As we explained, those data, regarding the activity of a major participant in the gaming industry in which Valve competes, are highly relevant evidence to the complaint's claims that Steam has had market power since its release in 2003, has held market or monopoly power for many years, imposes a so-called most-favored-nations clause on publishers, and charges an allegedly supracompetitive revenue share. Please let us know if Nexon has reasonably accessible annual data.  If it does not, please tell us what reasonably accessible data Nexon has that will show total sales volume over time in dollars and units—divided by platform if that information is included in Nexon's data. That information should enable us to make good progress toward resolving the data issues.

Before yesterday's call, you asked us to provide a narrowed set of requests for the non-data documents, and we are working to do so. Likewise, in our March 9 call, we asked you to take steps to identify likely custodians of documents responsive to the non-data requests, but we do not know if you are working to do so. We believe we could expedite our discussions by focusing on and resolving the data requests, discussed above, now, and then turning to these non-data requests. If you can tell us when you will be able to let us know (i) if Nexon has annual sales data—or, if not, what sales data it has, (ii) what data it has that responds to the Request 1 subparts, and (iii) whether Nexon sells only directly to end-users and through Steam (as you thought), we can meet again on the data requests and will be ready to discuss the non-data requests, including how they might be narrowed, promptly thereafter.

We regard our data proposal as a good-faith effort to narrow the differences between the parties and a basis to report to Judge Wilner that we are making progress. We would be happy to draft a brief report to that effect for submission to the Court tomorrow, if you agree. Judge Wilner requested we email him by noon Pacific Time.

Peter

Peter Breslauer
Montgomery McCracken Walker & Rhoads LLP
1735 Market St., Fl. 21
Philadelphia, PA 19103-7505
Office:  (215) 772-7271
Cell:      (484) 904-6411
Fax:      (215) 731-3733